UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GENE FRANCIS STUART,<br><br>        Petitioner,<br><br>v.<br><br>GREG FISHER, Warden of the Idaho Maximum Security Institution, Department of Correction, State of Idaho,<br><br>        Respondent. | Case No. 1:02-cv-00020-BLW<br><br>**MEMORANDUM DECISION AND ORDER**<br><br><u>**CAPITAL CASE**</u> |

Pending before the Court in this capital habeas matter are several procedural motions. (Dkts. 137, 139, 141.) Having considered the parties' arguments, the Court finds that oral argument is unnecessary and enters the following Order.

## BACKGROUND

After a jury trial in 1982, Gene Francis Stuart was convicted of first-degree murder and was sentenced to death. The Idaho Supreme Court affirmed the judgment on direct appeal. *State v. Stuart*, 715 P.2d 833 (Idaho 1986), *affirmed after rehearing*, 715 P.2d at 897. In 1986 and 1988, Mr. Stuart pursued two post-conviction actions in state court. During the mid-1990s, Mr. Stuart also filed a motion for relief from judgment.

Mr. Stuart began this federal habeas corpus action in January 2002. The case was stayed in November 2002 to permit him to attempt exhaustion of some of his claims in the

**MEMORANDUM DECISION AND ORDER - 1**

state court system. (Dkt. 26.) Mr. Stuart returned to state court and filed a third petition for post-conviction relief. In 2007, the state district court dismissed the petition as untimely under the special post-conviction rules for capital cases. *See* Idaho Code § 19-2719. The Idaho Supreme Court dismissed the appeal, concluding that all claims were procedurally barred by the statute. *Stuart v. State*, 232 P.3d 813, 820 (Idaho 2010).

Also pending in state court at the same time was another successive collateral action containing multiple claims based on *Ring v. Arizona*, 536 U.S. 584 (2002). The district court's dismissal of that action was affirmed by the Idaho Supreme Court in *Rhoades, et al. v. State*, 233 P.3d 61 (Idaho 2010).

After the Court received notice that the state court actions were completed, Mr. Stuart was given a deadline for the filing of "an amended petition for writ of habeas corpus, if any." (Dkt. 69.) Mr. Stuart filed an Amended Petition for Writ of Habeas Corpus on June 15, 2011. (Dkt. 78.)

Respondent responded to the Amended Petition by filing a "Motion to Dismiss Procedurally Defaulted Claims," brought under Rules 7.1(b)(1) and 9.2(h)(3)(A) of the Local Rules of Civil Procedure for the District of Idaho. As a result of the Motion, some of Mr. Stuart's claims were determined to be procedurally defaulted, but they were not dismissed at that time, pending further briefing on cause and prejudice. (Dkt. 126.)

A Scheduling Order was issued on November 20, 2012, requiring an answer to be filed within 90 days, and motions for new evidentiary development within 45 days. (Dkt. 127.) The Answer was filed on April 16, 2013. (Dkt. 138.) Mr. Stuart filed his Motion for

**MEMORANDUM DECISION AND ORDER - 2**

Leave to Amend Petitioner's Amended Petition or for Alternative Relief on May 5, 2013, within 21 days after the filing of the Answer.

## PETITIONER'S MOTION TO AMEND

Because of the unsettled nature of the law governing amendments in the habeas corpus context, Mr. Stuart filed a motion seeking leave to file a second amended petition "as a matter of course" (which, by definition, is an amendment that does *not* require leave), and alternatively seeking permission to file a motion for leave to amend (which also ordinarily does not require leave). (Dkt. 139.) In his Reply, Mr. Stuart seems to abandon the request to file a motion for leave to amend and simply asks for leave to amend, arguing that the liberal amendment standard of law for leave to amend has been met, and providing the proposed amendment in an attachment. (Dkt. 142.)

In any event, Mr. Stuart explains the reason for the Second Amended Petition as follows:

> Petitioner's proposed amendments to the text, largely in response to Respondent's Answer, have two aims. One amendment aims to clarify the meaning of the term "prosecution" as employed throughout the petition. All the proposed amendments seek to clarify the legal theory and/or add supporting facts to claims.

(Dkt. 142, p. 3 (record citations omitted).)

Respondent, on the other hand, argues that, because Mr. Stuart already filed an Amended Petition, he no longer can file an amendment as a "matter of course," under Federal Rule of Civil Procedure 15(a)(1). (Dkt. 140.) Respondent has no objection to Mr. Stuart filing a motion to amend to seek leave under Rule 15(a)(2). (*Id.*) Respondent has

**MEMORANDUM DECISION AND ORDER - 3**

had no opportunity to respond to Mr. Stuart's additional argument for amendment set forth in his Reply.

**1.     Standard of Law**

Amendment in a habeas corpus action is governed by a morass of rules and statutes. The habeas corpus statute permits amendment of a petition for habeas relief "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. However, the Federal Rules of Civil Procedure apply to habeas corpus proceedings only to the extent that they are not inconsistent with established habeas practice and procedure. *See* Rule 11 of the Rules Governing Section 2254 Cases.

Federal Rule of Civil Procedure 15(a) governs the amendment of civil pleadings before trial. Pursuant to Rule 15(a)(1), a party may amend a pleading once "as a matter of course" within *either* 21 days after serving the pleading; *or*, if the amended pleading requires a responsive pleading to be filed thereafter, within the earlier of 21 days after service of a responsive pleading or a Rule 12(b), (e), or (f) motion. Any other amended pleadings cannot be filed absent written consent of the opposing party or leave of court; however "[t]he Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"Matter of course" has been interpreted to mean that "Rule 15(a)(1) 'guarantee[s] a plaintiff an absolute right' to amend the complaint once [within the limits specified in that Rule]." *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282–83 (D.C. Cir. 2000) (pre-2009 Rule 15 amendment). Hence, another term for "matter of course" is

**MEMORANDUM DECISION AND ORDER - 4**

"matter of right," meaning that the party need not seek permission from the court and that the court may not refuse the amendment. *See Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010) (party had a right to amend, and the doctrine of futility does not apply to amendments as of right); *Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006) (denying leave to amend complaint prior to an answer was a legal error constituting per se abuse of discretion).

In a habeas case subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), a request for leave to amend must be construed in light the provisions and policies of AEDPA, which is designed to promote finality, comity, and federalism. *Williams v. Taylor*, 529 U.S. 420, 436 (2000). In particular, to advance the finality of judgments, Congress included a one-year statute of limitations in AEDPA, *see* 28 U.S.C. § 2244(d); therefore, an amended habeas claim that has been tendered after the expiration of AEDPA's statute of limitations will relate back to the initial filing date only when it is "tied to a common core of operative facts" in the original pleading. *Mayle v. Felix*, 545 U.S. 644, 664 (2005) (construing the interplay between AEDPA and Federal Rule Civil Procedure 15(c)).

Another particularity of habeas corpus law that affects amendment is the stay-and-abey procedure, which authorizes federal district courts to stay a "mixed" petition containing exhausted and unexhausted claims to permit a petitioner to return to state court to complete exhaustion. *See Rhines v. Weber*, 544 U.S. 269 (2005). That procedure is implemented by request of the petitioner and usually contemplates issuance of an order

**MEMORANDUM DECISION AND ORDER - 5**

permitting amendment of the petition to add newly exhausted claims when state court proceedings conclude. *See* Local Rule 9.2(f)(4)(B) of the Local Rules for the District of Idaho ("After the state court proceedings have been completed, petitioner may amend the federal petition to add the newly exhausted claims.").

Another provision of Local Rule 9.2 that may affect amendment is the scheduling of pleadings and motions that can end up being many years apart, due to the number of claims, complexity of the case, and implementation of stay-and-abey. Rule 9.2 provides that a capital case ordinarily will proceed according to the following schedule: a habeas corpus petition is filed; stay-and-abey may be authorized; a motion to dismiss some but not all claims on procedural grounds is filed; and an answer is filed after a ruling on the procedural motion. To illustrate, in this case, approximately nine years lapsed between the filing of the original petition (2002) and the amended petition (2011), and then almost two years lapsed between the filing of the motion to dismiss (2011) and the answer (2013), with the proposed "matter of course" amendment (2013) having been filed nearly eleven years after the original petition.

## 2.  Operative Facts

On April 18, 2011, after conclusion of stay-and-abey, the Court set a 30-day deadline for Petitioner to file an amended petition, if any. (Dkt. 69.) Mr. Stuart amended his Petition for Writ of Habeas Corpus on June 15, 2011. (Dkt. 78.) Respondent filed a Motion to Dismiss on October 12, 2011. (Dkt. 92.) After the Court dismissed several claims on procedural grounds, Respondent was ordered to file an Answer. (Dkt. 126.) Mr.

**MEMORANDUM DECISION AND ORDER - 6**

Stuart moved to amend his Petition again (Dkt. 139) within 21 days after the Answer to the Amended Petition was filed. (Dkt. 138.)

**3.     Discussion**

In his "Motion for Leave to Amend Petitioner's Amended Petition for Writ of Habeas Corpus or for Alternative Relief," filed May 5, 2013, Mr. Stuart contends that it was proper for him to file a "matter of course" amendment without permission of Respondent or the Court, because he did so within 21 days of the Answer and because he had not previously had opportunity to file a "matter of course" amendment. Respondent argues in response that once Mr. Stuart filed his earlier First Amended Petition–whether with or without leave of court–the "matter of course" amendment provision was no longer applicable, and any further amendment required opposing party stipulation or court permission.

Respondent cites to the reasoning of several non-precedential, non-habeas federal district court cases in support of his argument. One of these cases holds that the time periods for amendment are not cumulative; however, here, Mr. Stuart is not trying to cumulate two 21-day periods.[1] *See Kuria v. Palisades Acquisition XVI, LLC*, 752 F. Supp. 2d 1293, 1297 (N.D. Ga. 2010). This reasoning would apply only if Respondent were

---

[1] *See* Comments to 2009 Amendment to Federal Rule of Civil Procedure 15:

> The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period.

**MEMORANDUM DECISION AND ORDER - 7**

arguing that Mr. Stuart's right to amend without leave expired 21 days after the earlier Motion to Dismiss was filed.[2]

In two other cases cited by Respondent, it was determined that the "matter of course" amendment provision can be applied only to the first amended pleading, and after a party has amended its pleading once, Rule 15(a)(1) is no longer available, regardless of whether the first amendment was submitted with or without leave or stipulation. In *Synthes USA Sales, Inc. v. Taylor*, 2012 WL 928190 (M.D. Tenn. 2012) (unpublished), the court rejected the plaintiff's argument that it was unnecessary to seek leave of court to file a second amended petition because the first amended petition had been the result of leave of court rather than a "matter of course" amendment. *Id*. at *1. The court reasoned that the Comments to Rule 15 "have been interpreted to mean that the right to amend once as of right applies only to initial, not amended pleadings." *Id*. *See also Celentano v. Americans With Disabilities (ADA) Office*, 2012 WL 1207277 (E.D. Cal. 2012) (unpublished) (after plaintiff requested and received permission from the court to file a first amended

---

[2] The Court notes that neither party has asserted that Respondent's Motion to Dismiss, though not designated a Rule 12(b) motion, was, nevertheless, an un-named Rule 12(b) motion for failure to state a claim upon which relief could be granted that started Mr. Stuart's 21-day amendment time period running, pursuant to Rule 15(a)(1)(B). The end of that 21-day period would have been on November 2, 2011.

In reviewing a variety of capital and non-capital motions to dismiss filed by state respondents, the Court finds that most are filed pursuant to Rule 4 of the Rules Governing § 2254 Cases, which requires the court to "order the respondent to file an answer, motion, or other response within a fixed time, or to take other action" in response to a petition for writ of habeas corpus. Other motions to dismiss in habeas cases are sometimes filed pursuant to Rule 4 *and* Federal Rule of Civil Procedure 12(b)(6). The particular motion to dismiss Respondent filed in this case mentioned as authority only Rules 7.1(b)(1) and 9.2(h)(3)(A) of the Local Rules of Civil Procedure for the District of Idaho (Dkt. 92-1), which, in turn, are based upon Rule 4 of the Rules Governing § 2254 cases.

**MEMORANDUM DECISION AND ORDER - 8**

complaint, the second amended complaint could not be filed as of right).

The pre-2009 version of Rule 15 did not address the interplay of amendment and Rule 12 motions; it provided only that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a) (pre-2009 version).Thus, when a Rule 12 motion was filed, rather than an Answer, the "matter of course" amendment deadline could be extended by years if a court took that long to issue a decision on a motion to dismiss, and if the plaintiff filed his "matter of course" amendment directly after such a decision but before a response was filed. *See Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("Neither the filing nor granting of such a motion before answer terminates the right to amend." (quoting *Breier v. Northern Calif. Bowling Proprietors' Ass'n*, 316 F.2d 787, 789 (9th Cir. 1963))). To resolve that issue, the 2009 amendment to Rule 15 included a "fixed, predictable, and reasonably short period" for "matter of course" amendments. 3 James Wm. Moore, Moore's Fed. Practice § 15.12[3] (3d ed. 2009).

Another purpose achieved by the 2009 amendments is articulated in the Comments to Rule 15:

> [T]he right to amend once as a matter of course is no longer terminated by service of a responsive pleading. The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise. Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one amendment as a matter of course in response to a responsive pleading. The right is subject to the same 21-day limit as the right to amend in response to a motion.

**MEMORANDUM DECISION AND ORDER - 9**

Because the time periods for "matter of course" amendments cannot be cumulated, a party must decide among the three options specified in Rule 15(a)(1)(A) and (B) for timing its amendment of right. Hence, while a first amended pleading *must* be accepted by a court, meaning that amendment of right is always available once; a "responsive" amendment of right, however helpful it may be, is not always available.

Based on all of the foregoing, the Court concludes that (1) the 21-day time limit of Rule 15(a)(1)'s "matter of course" provision applies to the *original* pleading only, and (2) that provision must be applied strictly in habeas corpus actions, or not at all. Special habeas corpus procedures, such as a stay-and-abey order setting a time limit for an amended petition or a motion to dismiss filed pursuant to a local rule, cannot alter the strict provisions of Rule 15(a)(1). Rather, at the point habeas rules and procedures are inconsistent with the Federal Rules of Civil Procedure on "matter of course" amendments, Rule 15(a)(1) no longer applies, according to Rule 11 of the Rules Governing § 2254 Cases. However, Rule 15(a)(2) (stipulation or leave) remains available for proposed amendments.

In this case, Mr. Stuart filed an original pleading on June 24, 2002. Operating under the pre-2009 amendment, Mr. Stuart had until a responsive pleading was filed to submit an amendment "as a matter of course." No responsive pleading to the original petition was filed, and so the "matter of course" amendment right continued unabated. Per Mr. Stuart's request, the stay-and-abey procedure was then employed in November 2002. Thereafter, the 2009 amendment to Rule 15 was enacted. On June 15, 2011, Mr. Stuart filed a first

**MEMORANDUM DECISION AND ORDER - 10**

amended petition within the time frame set by the court order, terminating any right to use the "matter of course" amendment procedure. His "matter of course" amendment right was not resurrected by the filing of the Motion to Dismiss or the Answer, because Rule 15(a)(1) does not provide for a *right* to file a second amended pleading under any circumstances.

If Mr. Stuart's argument is that he lost the chance to choose the timing and purpose of his "of right" amendment by the Court's pre-emptive order giving him 30 days after the re-opening of the case to file "*an amended petition for writ of habeas corpus, if any*," and that he should be permitted to file another amended petition that is responsive to the Answer, as contemplated in the Rule, that argument ignores the fact that the Rule does not always permit a responsive "matter of right" amendment – if the petitioner chooses to file his amendment pursuant to Rule 15(a)(1)(A) (before the answer is filed), then the right to file a responsive amendment after the answer has been filed is foregone. Here, Mr. Stuart, in essence, chose the timing of his one "of right" amendment by choosing to use the stay-and-abey procedure (Dkt. 26), which contemplates amendment shortly after the federal case is re-opened. *See* Local Rule 9.2(f)(4)(B).

Finally, Petitioner's argument that the "of right" amendment does not have to be the first amendment could lead to nonsensical situations, such as where a party could seek leave several times to file amendments, and, if a second or third request is denied, simply file his reserved "of right" amendment to override denial of amendment, because an "of right" amendment cannot be refused.

**MEMORANDUM DECISION AND ORDER - 11**

Accordingly, Mr. Stuart's Motion for Leave to Amend Petitioner's Amended Petition for Writ of Habeas Corpus will be denied, and his Motion for Alternative Relief will be granted. The pending motions for extensions of time will be granted.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Leave to Amend Petitioner's Amended Petition for Writ of Habeas Corpus (Dkt. 139) is DENIED, and his Motion for Alternative Relief (Dkt. 139) is GRANTED. If Petitioner wishes to file a motion to file a second amended petition for writ of habeas corpus, he shall do so within **60 days** after entry of this Order.

2. Respondent's Motion for Extension of Time to Answer Amended Petition (Dkt. 137) is GRANTED, to the extent that a new scheduling order will be issued after a determination of a motion to file a second amended petition for writ of habeas corpus or the time period for the filing of such a motion expires.

3. Petitioner's Motion for Extension of Time to File Motions for Evidentiary Development (Dkt. 141) is GRANTED, to the extent that a new scheduling order will be issued after a determination of a motion to file a second amended petition for writ of habeas corpus or the time period for the filing of such a motion expires.

**MEMORANDUM DECISION AND ORDER - 12**



DATED: **August 27, 2013**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 13**